IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHN NIEHUSS,<br><br>               Plaintiff,<br><br>v.<br><br>COLOSSAL BIOSCIENCES, INC.,<br><br>               Defendant. | Case No.: 23-cv-0617 |

**COMPLAINT AND JURY DEMAND**

Plaintiff John Niehuss ("Plaintiff" or "Niehuss"), by and through his undersigned attorneys, for his complaint against defendant Colossal Biosciences, Inc. ("Colossal" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement against a company that has recently raised hundreds of millions of dollars thanks in no small part to its infringing use of Plaintiff's artwork.

2. Defendant Colossal refers to itself as the "de-extinction company," seeking to bring a number of extinct animals back into existence, including the dodo. Rather than focus on, say, addressing the direct and immediate causes for the current climate crisis with its substantial resources, Colossal is instead building a flashy gimmick with long odds at making any real positive impact.

3. Colossal used an image of the dodo created by Plaintiff in order to raise hundreds of millions of dollars and promote Colossal and its mission. Colossal did not have any permission or license from Plaintiff to do so.

1

4. When confronted with this flagrant infringement, Colossal denied culpability and refused to compensate Plaintiff, forcing him to file this lawsuit.

5. Plaintiff is owed just compensation for such infringing use.

## PARTIES

6. Plaintiff John Niehuss is an individual based in California. Plaintiff has satisfied the requirements of 17 U.S.C. § 411 prior to filing this lawsuit.

7. Defendant Colossal is a Delaware corporation based in Austin, Texas, operates its business out of Austin, Texas, and regularly conducts business in this District.

## JURISDICTION AND VENUE

8. This matter is an action for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq*.

9. The Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

10. Defendant Colossal does systematic business in Texas and this District. Colossal is headquartered in this District and operates out of this District. This Court has personal jurisdiction over Colossal in that Colossal regularly does or solicits business in Texas and this District; expects or reasonably should expect its infringing conduct to have consequences in Texas and this District; derives substantial revenue from interstate commerce; and committed unlawful acts that caused injury to Plaintiff within Texas and this District.

11. In the alternative, the Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant committed unlawful acts of infringement in this District, Defendant's unlawful conduct

resulted in damage to Plaintiff in this District, and Defendant is based here, does business here, and is subject to personal jurisdiction here.

**FACTUAL BACKGROUND**

I.   **Plaintiff's Original Illustration**

13.   Plaintiff John Niehuss is a deeply skilled and experienced artist. One of his areas of expertise is animal illustration.

14.   In 2017, in order to prepare to create his next scientific illustration, Mr. Niehuss meticulously researched *Raphus cucullatus*, more commonly known as the dodo bird. He then spent several months painstakingly creating his original dodo illustration (the "Original Illustration"), shown below.



15.   Mr. Niehuss owns the copyright in the Original Illustration and obtained a registration from the United States Copyright Office with an effective date of February 6, 2023.

16. The Original Illustration contained copyright management information for Mr. Niehuss, including his name, his email address, and his website, so anyone interested in licensing his work could easily contact him to inquire.

II. **Colossal Infringes Plaintiff's Copyright**

17. Colossal is a biotechnology and genetic engineering company working to genetically resurrect a range of extinct species including the woolly mammoth, the Tasmanian tiger, and the dodo. In connection with its "de-extinction" push, Colossal has raised over $200 million from investors to date.

18. Colossal's latest $150 million Series B funding round focused primarily on resurrecting the dodo. In connection with this monumental funding push, Colossal heavily relied on infringing use of Mr. Niehuss' Original Illustration, as shown below (the "Infringing Work").



The Infringing Work is a near identical copy of the Original Illustration. The Original Illustration has been flipped on a vertical axis with some minimal added feather texture and slight

shading and then inserted into a forest backdrop. A comparison of the relevant portion of the two works is shown below.



19. In addition to using the Infringing Work on its website, in promotional materials, in pitch decks, and on social media, Colossal also distributed the Infringing Work as part of its press kit to a range of news outlets including The Guardian, Bloomberg, Gizmodo, and CNET.

20. Colossal never obtained any permission or license from Mr. Niehuss to use the Original Illustration or any components thereof, nor did Colossal ever even contact Mr. Niehuss to make such an inquiry.

21. This unlawful use of Mr. Niehuss's work infringes his copyright in the Original Illustration in violation of the U.S. Copyright Act, 17 U.S.C. § 501 et seq. Colossal was able to find and credit the illustrator who created the forest background (that Colossal also presumably stole) but was inexplicably unable to even attempt to contact Mr. Niehuss about using his dodo illustration.

22. Rather than credit Mr. Niehuss, Colossal has repeatedly falsely claimed ownership of the illustration and conveyed such false copyright ownership to third parties in violation of Section 1202 of the Digital Millennium Copyright Act.

23. To add insult to injury, when Mr. Niehuss contacted Colossal to discuss a potential amicable resolution, Colossal denied copying despite the fact that it is immediately obvious that the Infringing Work is a copy of the Original Illustration. When confronted, Colossal tried blaming artificial intelligence on its theft and then threatened Mr. Niehuss regarding his public statements about this unlawful theft.

24. After using Mr. Niehuss's work to help them raise $150 million, when confronted with their unlawful conduct, Colossal opted to bully and threaten Mr. Niehuss rather than attempt to property compensate him for their extensive use of his work.

25. Mr. Niehuss has been forced to file this action in order to protect his rights and livelihood.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501, *et seq.*

26. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above and incorporates them herein by reference.

27. Plaintiff is the legal owner of all rights, title, and interest in the Original Illustration, including the copyright therein.

28. Defendant has copied, reproduced, distributed, adapted, and/or publicly displayed an infringing copy of the Original Illustration without the consent, permission, or authority of Plaintiff.

29. Defendant's conduct constitutes infringement of Plaintiff's copyright and exclusive rights in violation of sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.

30. Defendant's acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

31. Plaintiff has and will continue to suffer damages as a result of the infringement.

32. Defendants have unlawfully profited as a result of the infringement.

33. Plaintiff is entitled to his actual damages and Defendants' profits related to the infringement, pursuant to 17 U.S.C. § 504.

## SECOND CLAIM FOR RELIEF
## FALSE COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(a)

34. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above and incorporates them herein by reference.

35. Defendant created and used copies of the Original Illustration with the intent and knowledge that copyright management information intentionally added thereto was false.

36. Upon information and belief, Defendant intentionally added false copyright management information to numerous copies of the Original Illustration, and created and used copies of the Original Illustration with false CMI in the form of a "Colossal Biosciences" illustration credit with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act, 17 U.S.C. § 101 *et seq*.

37. Defendants engaged in these activities without the consent or authorization of Plaintiff.

38. Plaintiff has been injured as a result of these violations of 17 U.S.C. § 1202(a) and is entitled to damages, costs, and attorney's fees. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3).

WHEREFORE, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendant from copying, reproducing, distribution, adapting, and/or publicly displaying any copies of the Original Illustration or any elements thereof;

2. For an award of Plaintiff's actual damages in connection with Defendant's willful copyright infringement;

3. For an award of all of Defendant's disgorged worldwide profits attributable to Defendant's copyright infringement;

4. Awarding Plaintiff $25,000 per violation of 17 U.S.C. § 1202(1) and an award of Plaintiff's costs and attorney's fees under 17 U.S.C. § 1203;

5. For reasonable attorney's fees and costs of suit incurred herein; and

6. For interest, including prejudgment interest, on the foregoing sums; and

7. For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: June 1, 2023

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: /s/ Andrew Gerber
Andrew Gerber (4241568)
andrew@kgfirm.com
27 Union Square West, Suite 301
New York, NY 10003
P: (212) 882-1320
F: (917) 398-1487

*Attorneys for Plaintiff John Niehuss*

8