# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JOHN NIEHUSS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-cv-00617-RP** |
| | § | |
| **COLOSSAL BIOSCIENCES, INC.,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
**    UNITED STATES DISTRICT JUDGE**

Before the Court is Defendant Colossal Biosciences, Inc.'s Motion to Dismiss the Complaint under Rule 12(b)(6), filed June 8, 2023 (Dkt. 3); Plaintiff John Niehuss's Memorandum of Law in Opposition to Defendant's Motion to Dismiss, filed June 16, 2023 (Dkt. 4); and Defendant's Reply, filed June 23, 2023 (Dkt. 6). By Text Order entered October 10, 2023, the District Court referred Defendant's motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    Background

For purposes of this motion, the Court accepts as true the following facts alleged in Plaintiff John Niehuss's Complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Niehuss is a California artist with expertise in animal illustration. Dkt. 1 ¶¶ 6, 13. In 2017, he "meticulously researched *Raphus cucullatus*, more commonly known as the dodo bird," then "spent several months painstakingly creating his original dodo illustration" ("Illustration"):



*Id.* ¶ 14. Niehuss owns the copyright in the Original Illustration and obtained a registration from the United States Copyright Office with an effective date of February 6, 2023. *Id.* ¶ 15. The Illustration included Niehuss's "name, his email address, and his website, so anyone interested in licensing his work could easily contact him to inquire." *Id.* ¶ 16.

Defendant Colossal Biosciences, Inc., a Delaware corporation based in Austin, Texas which refers to itself as "the 'de-extinction company,'" is a biotechnology and genetic engineering company working to genetically resurrect extinct species, including the woolly mammoth, the Tasmanian tiger, and the dodo.[1] *Id.* ¶¶ 2, 7, 17. Colossal has raised more than $200 million from investors, $150 million focused primarily on resurrecting the dodo. Niehuss alleges that in raising these funds, Colossal "heavily relied on infringing use of Mr. Niehuss' Original Illustration," using this image on its website, promotional materials, pitch decks, social media, and in its press kit:

---

[1] In his Response, Niehuss characterizes Colossal as "a privately held biotech company that has raised hundreds of millions of dollars so that its wealthy investors can live out their Jurassic Park fantasies." Dkt. 4 at 4.



*Id.* ¶¶ 18-19. He alleges that this image is a nearly identical copy of the Illustration, "flipped on a vertical axis with some minimal added feature texture and slight shading and then inserted into a forest backdrop." *Id.* ¶ 18. Colossal never contacted Niehuss to obtain permission or a license to use the Illustration. *Id.* ¶ 20.

Niehuss asserts two claims: Copyright infringement, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501; and False Copyright Management Information ("CMI"), in violation of Section 1202 of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202(a). Colossal moves to dismiss both claims with prejudice, arguing that (1) the copyright infringement claim must be dismissed for failure to plead a copyright registration, and (2) Niehuss has not adequately alleged a violation of Section 1202(a).

## II.    Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation

omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.    Analysis

#### A.  Copyright Infringement Claim

To state a claim for copyright infringement under the Copyright Act, a plaintiff must plead (1) ownership of a valid copyright, and (2) copying of constituent elements of the plaintiff's work that are original. *See Baisden v. I'm Ready Prods., Inc.,* 693 F.3d 491, 499 (5th Cir. 2012). Under Section 411(a) of the Copyright Act, 17 U.S.C. § 411(a), a plaintiff cannot file a civil action for copyright infringement until the Copyright Office has registered the asserted work. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.Com, LLC*, 139 S. Ct. 881, 886 (2019).

Niehuss alleges that he "owns the copyright in the Original Illustration and obtained a registration from the United States Copyright Office with an effective date of February 6, 2023," nearly four months before he filed his Complaint on June 1, 2023. Dkt. 1 ¶ 15. Colossal contends that the Complaint must be dismissed because Niehuss did not identify the registration number of his alleged copyright registration and append the registration certificate to the Complaint. Colossal argues that it is "completely unclear what is claimed to be covered by the registration," that Niehuss does not provide "fair notice to Colossal of what is claimed to be protected," and that: "To this day, Plaintiff has refused to share [his] registration number or certificate." Dkt. 6 at 4, 6. Colossal asserts that the copyright registration "would provide the limitations to Plaintiff's claim of ownership, and without it, there is simply no adequate notice of the claims." *Id.* at 6.

While recognizing that registration is a "precondition to filing a claim," this Court has rejected the argument that a cause of action must be dismissed for failure to state a claim because a plaintiff does not include a copyright registration number or a copy of the registration certificate with its complaint. *Bob Daemmrich Photography, Inc. v. McGraw-Hill Glob. Educ. Holdings, LLC*, No. 1:15-CV-1098-LY, 2017 WL 2544046, at *4 (W.D. Tex. June 12, 2017), *R. & R. adopted*, No. 1:15-CV-1098-LY at Dkt. 48 (June 30, 2017). The two cases Colossal cites do not support its position. *Mai Larsen Designs v. Want2Scrap, LLC*, No. SA-17-CV-1084-ESC, 2019 WL 2343019 (W.D. Tex. June 3, 2019), concerned not a motion to dismiss, but motions for summary judgment and judgment on the pleadings that succeeded because the plaintiff did not obtain a copyright registration before filing suit. And in *Dow Jones & Co. v. Harris*, No. 1:22-CV-00564-LY, 2023 WL 417503, at *3 (W.D. Tex. Jan. 24, 2023), *R. & R. adopted*, 2023 WL 3035398 (Mar. 1, 2023), the Court dismissed unregistered works for which the plaintiff "concedes it is not pursuing copyright infringement claims."

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Niehuss alleges that he obtained a copyright registration in the Illustration before filing suit. Dkt. 1 ¶ 15. Where a plaintiff has alleged that the copyright that is the subject of the action is properly registered with the Copyright Office, "the court must accept these allegations as true for purposes of a motion to dismiss" and the plaintiff has "sufficiently pleaded the matter of registration of the copyrights." *Arista Recs. LLC v. Greubel*, 453 F. Supp. 2d 961, 966 (N.D. Tex. 2006); *see also, e.g.*, *Huffman v. Activision Publ'g, Inc.*, No. 2:19-cv-00050-RWS-RSP, 2019 WL 12498087, at *3 (E.D. Tex. Nov. 27, 2019) (accepting as true at Rule 12(b)(6) stage plaintiff's allegation that the Copyright Office issued certificate of registration for asserted works before case was filed), *R. & R. adopted*, 2020 WL 8269309 (E.D. Tex. Feb. 25, 2020).

Niehuss also includes in his Complaint this comparison of Colossal's allegedly infringing work to the "relevant portion" of the Illustration:



*Id.* ¶ 18. The Court finds that Niehuss has alleged facts sufficient to raise his right to relief above the speculative level and provided adequate notice of his claims in his Complaint, which is all that is required at the pleading stage. *Twombly*, 550 U.S. at 570. This Magistrate Judge recommends that the District Court deny Colossal's motion to dismiss Niehuss's copyright infringement claim.

### B.  False Copyright Management Information Claim

Section 1202(a) of the DMCA provides:

> No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>
> > (1) provide copyright management information that is false, or
> >
> > (2) distribute or import for distribution copyright management information that is false.

CMI includes, *inter alia*, the "title and other information identifying the work" and the "name of, and other identifying information about, the copyright owner of the work." 17 U.S.C. §§ 1202(c)(1), 1202(c)(3).

To state a claim under Section 1202(a), a plaintiff must allege (1) the provision or distribution of CMI; (2) that the CMI was false; (3) that the defendant knew the CMI was false; and (4) that the Defendant acted with the intent to cause or conceal copyright infringement. *Penske Media Corp. v. Shutterstock, Inc.*, 548 F. Supp. 3d 370, 381 (S.D.N.Y. 2021). Section 1202(a) requires what has been called "double scienter": proof of both knowledge and intent. *After II Movie, LLC v. Grande Commc'ns Networks, LLC*, No. 1:21-CV-709-RP, 2023 WL 1422808, at *9 (W.D. Tex. Jan. 31, 2023) (quoting *Pierce v. Lifezette, Inc.*, No. 20-0693 (ABJ), 2021 WL 2557241, at *5 (D.D.C. June 2, 2021)), *R. & R. adopted*, 2023 WL 2671399 (W.D. Tex. Mar. 28, 2023). Therefore, a plaintiff must plausibly allege that a defendant both (1) knowingly provided false copyright information, and (2) did so with the intent to induce, enable, facilitate, or conceal an infringement. *Id.*

Niehuss makes the following allegations in support of his DMCA claim:

> 35. Defendant created and used copies of the Original Illustration with
> the intent and knowledge that copyright management information
> intentionally added thereto was false.
>
> 36. Upon information and belief, Defendant intentionally added false
> copyright management information to numerous copies of the
> Original Illustration, and created and used copies of the Original
> Illustration with false CMI in the form of a "Colossal Biosciences"
> illustration credit with the knowledge that doing so would induce,
> enable, facilitate, or conceal an infringement of Plaintiff's rights
> under the Copyright Act, 17 U.S.C. § 101 *et seq*.

Dkt. 1 ¶¶ 35-36. Niehuss also alleges that "Colossal has repeatedly falsely claimed ownership of

the illustration and conveyed such false copyright ownership to third parties in violation of Section

1202 of the Digital Millennium Copyright Act." *Id.* ¶ 22.

The Court finds that Niehuss plausibly alleges that Colossal knowingly distributed copies of

the Illustration with false CMI "in the form of a 'Colossal Biosciences' illustration credit." *Id.*

¶ 36. These allegations satisfy the first three elements of a Section 1202(a) claim. But he has not

satisfied the fourth element by alleging sufficient facts as to Colossal's intent to cause or conceal

its alleged infringement of the copyright in his Illustration. For example, Niehuss does not allege

that Colossal persisted in providing or distributing false CMI after notice, which can support an

inference that a violation was done with the intent to facilitate infringement in the DMCA context.

*Trombetta v. Novocin*, No. 18-CV-993 (RA), 2021 WL 6052198, at *10 (S.D.N.Y. Dec. 21, 2021).

Because Niehuss has not sufficiently pled the element of intent, this Magistrate Judge recommends

that the District Court dismiss his DMCA claim without prejudice to repleading.

## C.  Request for Leave to Amend

In the conclusion to his Response, Niehuss seeks leave to file an amended complaint if the

Court "grants any part of Defendant's motion." Dkt. 4 at 9. Courts should freely grant leave to

amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when

amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile where it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).

Niehuss offers no additional facts to cure the defects in his scienter allegations, so the Court is unable to assess whether amendment is warranted. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts he would plead in amended complaint to cure any deficiencies). Therefore, the Court recommends that the District Court deny Niehuss's request to amend without prejudice.

## IV.    Recommendation

For the foregoing reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant Colossal Biosciences, Inc.'s Motion to Dismiss the Complaint under Rule 12(b)(6) (Dkt. 3). The Court recommends that the District Court **DENY** Defendant's motion to dismiss Plaintiff's copyright infringement claim (Claim 1) and **GRANT** the motion to dismiss Plaintiff's false copyright management information claim (Claim 2) **without prejudice**.

The Court **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's request to amend **without prejudice** and **DENY** Plaintiff's request for fees and costs in responding to the motion to dismiss (Dkt. 4 at 4, 9).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 27, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE